597 A.2d 1141

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Baxter HAWK, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1991.

Decided Oct. 8, 1991.

Ronald Eisenberg, Chief, Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., Alan Sacks, Philadelphia, for appellant.

Stanley E. Gever, Philadelphia, for appellee.

Before NIX, C.J., LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by the Commonwealth from an Order of the Superior Court en banc which vacated the judgment of

sentence of the Court of Common Pleas of Philadelphia County and reversed the underlying convictions. The Superior Court concluded that Appellee Baxter Hawk's constitutional right to a speedy trial was violated, 390 Pa.Super. 382, 568 A.2d 953. For the reasons which follow, the Order of the Superior Court is affirmed; however, we do so based upon Pa.R.Crim.P. 1100.[1]

1. The then applicable Pa.R.Crim.P. 1100 in pertinent provided:

**Rule 1100. Prompt Trial**

(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

(3) Trial in a court case which is transferred from the juvenile court to the trial or criminal division shall commence no later than one hundred eighty (180) days from the date of filing the transfer order.

(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

(d) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

The facts are that a criminal complaint was filed against Appellee on March 18, 1984, as the result of a gunpoint robbery of Bookbinder's Restaurant that day. For purposes of the then applicable Pa.R.Crim.P. 1100, the 180–day mechanical run date was September 14, 1984. On August 23, 1984, the Commonwealth filed a petition for extension under Rule 1100(c) and/or (d)[2]. The same day, the trial court entered an order fixing the date of trial as the hearing date for the Commonwealth's petition. Appellee then filed, on October 10, 1984, a petition to dismiss based upon violation of Rule 1100.

The first trial listing date was July 8, 1985. Prior to trial, a Rule 1100 hearing was held on the Commonwealth's petition for extension and Appellee's petition to dismiss. This hearing was held 478 days after Appellee's arrest or 298 days after the expiration of the 180–day period prescribed in then applicable Rule 1100. At the conclusion of the hearing, the trial court granted the Commonwealth's petition and denied Appellee's request for dismissal of the charges.

A jury trial was held on June 4, 1986, following further postponements which are not pertinent to our review. A guilty verdict was returned on each of the charges which included robbery, theft, receiving stolen property, simple assault, possessing an instrument of crime and unlawful restraint. Appellee was sentenced to a term of five to ten years imprisonment on the robbery count.

The basic question to be considered is whether the Commonwealth established the requirements of Rule 1100(c)(3)

(2) any period of time for which the defendant expressly waives Rule 1100;
(3) such period of delay at any stage of the proceedings as results from:
(i) the unavailability of the defendant or his attorney;
(ii) any continuance granted at the request of the defendant or his attorney.

2. The Commonwealth's petition, however, raises no claim which would make Rule 1100(d) applicable.

so as to justify the grant of an extension of time for the commencement of trial.

Rule of Criminal Procedure 1100(c)(3) provides that an extension of the deadline for commencement of trial on motion of the Commonwealth "shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided."

The Commonwealth has the burden to establish by a preponderance of evidence that the requirements of this provision have been met. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). A court may grant an extension on a showing of due diligence and a certification that trial is scheduled for the earliest date consistent with the court's business, but if a delay is due to the court's inability to try the defendant within the prescribed period, the record must show the causes of the delay and the reasons why it cannot be avoided. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

The Commonwealth's petition for extension provides that:

1. Despite due diligence, the Commonwealth is unable to commence trial by September 14, 1984 for all of the following reasons.

2. A complaint was filed against the defendant on March 18, 1984. One hundred and eighty calendar days from the filing of the complaint is September 14, 1984.

3. On March 28, 1984, the defendant was held for court, and the case was continued.to April 11, 1984 for an arraignment.

4. On April 25, 1984, informal discovery was completed, and the case was placed in the Ready Pool and was continued to July 2, 1984 for a five-day jury trial.

July 2, 1984, was the earliest possible date consistent with the court's full calendar.

5. The Honorable Eugene H. Clarke was ill and unavailable from July 5, 1984 through August 3, 1984, and we [sic] be on vacation and unavailable from August 6, 1984 through September 10, 1984.

6. Due to the court's full calendar in paragraph 4 and the unavailability of Judge Clarke in paragraph 5, the Commonwealth requests an extension for a reasonable period of time in order to commence trial on the above-captioned defendant.

7. In Philadelphia at the present time, there is an Individual Judge Calendar by Order of the Honorable Edward J. Bradley, President Judge, Court of Common Pleas of Philadelphia County. Cases now assigned to the Individual Judge's Calendar cannot be sent to another judge.

At the Rule 1100 hearing on July 8, 1985, the Commonwealth argued that it was duly diligent because it had remained ready to proceed to trial throughout the scheduling of this case. The Commonwealth also asked the trial court to take judicial notice of the Individual Judge Calendar system and the fact the case could not be tried earlier because of the court's busy schedule.[3] N.T. 7/8/85 at 19–20. The trial court thereafter responded as follows:

In this courtroom under the individual calendar cases assigned to this Court, the cases must stay in this courtroom except for some slight exceptions that is when I recuse myself because of an appearance of unfairness or something like that. And since it must stay in my Court then as the Assistant District Attorney pointed out, we call cases in the earliest run dates first. This case is now listed for today because it was the earliest run date consistent with the calendar that I have.

3. The Individual Judge Calendar system that was in effect during the scheduling of this case for trial was changed one month prior to trial to a ready pool system. See Commonwealth v. Smith, 524 Pa. 72, 76 n. 2, 569 A.2d 337, 339 n. 2 (1990).

The Commonwealth has exercised due diligence by filing a Petition to Extend which would authorize us to have a hearing today as to whether or not it should be extended. The Commonwealth has no control over when cases are listed in this courtroom. They too are on the same notice that defense are. We call them in turn and if they're not ready we take the appropriate action as we do with the defense so that under the circumstances we are now in September of '84 cases. This is July of '85 so that in effect although it is 10 months behind it is the earliest possible date that this court could hear your case.

N.T. 7/8/85 at 24–25.

On appeal, the Superior Court en banc began its analysis by examining Rule 1100(c)(3) and the conditions that would justify extension of the time to bring an accused to trial. However, without completing this analysis, the Superior Court's analysis shifted its focus to Hawk's petition to dismiss viewing the length of the delay in terms of the impact on his constitutional right to a speedy trial. *Commonwealth v. Hawk*, 390 Pa.Super. 382, 568 A.2d 953, (1990). This analysis is fatally flawed because a determination as to whether the petition for extension was properly granted must be made before the merits of the petition to dismiss can be addressed. Furthermore, Hawk waived his constitutional speedy trial claim [4].

Here, the Commonwealth timely filed the petition for extension and was ready to proceed to trial throughout the scheduling of this matter. While such activity may give the appearance of due diligence, we find that the Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case. Although the Commonwealth had no actual control over when cases were listed in the courtroom due to the Individual Judge Calendar system, the Commonwealth failed to take any affirmative action to get the case moving by listing it

4. However, Hawk has not waived his Rule 1100 claim which is separate and distinct from his constitutional speedy trial claim.

for trial when the trial judge was ill and then on vacation during the period of July 5 through September 10, 1984.

We believe that our recent decisions in *Commonwealth v. Smith*, 524 Pa. 72, 569 A.2d 337 (1990) and *Commonwealth v. Africa*, 524 Pa. 118, 569 A.2d 920 (1990) are instructive relative to the mechanics of the Philadelphia Individual Judge Calendar system. These cases however are inapposite to the case *sub judice* because the defendant in *Smith* and *Africa* was asserting a violation of Rule 1100 and/or his constitutional right to a speedy trial and for that reason shoulders the burden of proof. In the case *sub judice*, the Commonwealth must prove that all the requirements of Pa.R.Crim.P. 1100(c)(3) have been satisfied so as to justify the grant of its petition for extension.

In *Commonwealth v. Africa*, supra, we found that the prosecution acted with due diligence. Notwithstanding the Individual Judge Calendar system, the Assistant District Attorney had a number of conversations with the Office of the President Judge in an effort to transfer the case quickly to a judge who would be able to hear protracted matters. *Id.* 524 Pa. at 124 n. 3, 569 A.2d at 923 n. 3.

The Commonwealth's inaction in the case *sub judice* stands in stark contrast to the Assistant District Attorney's actions in *Commonwealth v. Africa*, supra. We find therefore that the Commonwealth was not duly diligent. Even if the Commonwealth was found to be duly diligent, the Commonwealth failed to prove judicial delay.

■ In its petition for extension, the Commonwealth noted that the causes for the judicial delay were the trial court's full calendar and the unavailability of the trial judge. The reason why the delay could not be avoided, according to the Commonwealth, was that the Individual Judge Calendar system precluded cases from being sent to another judge.

The Commonwealth's claim that the trial court calendar was backlogged is undercut by the fact that the trial judge took a five-week vacation following a month-long absence

for an illness. While the trial judge has a right to take a vacation especially following a protracted illness, the Commonwealth cannot rely on the judge's absence as an excuse for not bringing the case to trial within the then applicable 180 days. We therefore reject the Commonwealth's claim that the trial court docket was backlogged.

■ Finally, we find that the Individual Judge Calendar system does not provide the reason why the delay could not be avoided. Contrary to the Commonwealth's contention, cases that were assigned pursuant to the Individual Judge Calendar system were in fact being sent to other judges. In *Commonwealth v. Smith*, supra, the case was initially assigned to the same trial judge as in the case *sub judice*. Following an evidentiary hearing on a Petition for Habeas Corpus, alleging a violation of Smith's speedy trial rights, before a second judge, the case was reassigned to a third judge. Similarly in *Africa*, that case was reassigned under the Individual Judge Calendar system to three different trial judges.

The Commonwealth has failed to meet its burden of proof that the requirements of Pa.R.Crim.P. 1100(c)(3) were met. The petition for extension therefore was improperly granted.

The Order of the Superior Court that reversed and vacated the judgment of sentence of the Court of Common Pleas of Philadelphia County is affirmed.

Jurisdiction relinquished.

McDERMOTT, J., files a dissenting opinion.

LARSEN, J., notes his dissent.

McDERMOTT, Justice, dissenting.

I find the facts of this case to be virtually indistinguishable from the facts of *Commonwealth v. Smith*, 524 Pa. 72, 569 A.2d 337 (1990), and I believe that our decision in that case should control the disposition of the present matter. Therefore, I dissent.