J-S18008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES J. FOOTMAN, | |
| Appellant | No. 2799 EDA 2013 |

Appeal from the Judgment of Sentence Entered July 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003506-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED MARCH 27, 2015**

Appellant, James J. Footman, appeals *nunc pro tunc* from the July 15, 2013 judgment of sentence of an aggregate term of 4 to 10 years' incarceration, followed by four years' probation, imposed after he was convicted of robbery, receiving stolen property (RSP), and theft by unlawful taking.  Appellant argues that the trial court abused its discretion by denying his pretrial motion to dismiss the charges against him based on a violation of Pa.R.Crim.P. 600.  We affirm.

Appellant was arrested and charged with the above-stated offenses based on a robbery that occurred on October 8, 2011.[1]  On March 18, 2013, Appellant filed a motion to dismiss his case based on a violation of Rule 600.

---

[1] The facts of this case are not pertinent to the issue raised by Appellant on appeal.

On May 16, 2013, the trial court held a hearing on that motion and then denied it. Appellant's case immediately proceeded to a non-jury trial, at the conclusion of which the court convicted Appellant of robbery, RSP, and theft. Appellant was subsequently sentenced to the aggregate term set forth above. He filed a timely post-sentence motion for reconsideration of his sentence, which the court denied. Appellant did not file a notice of appeal.

However, on September 6, 2013, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights. On September 30, 2013, the PCRA court granted Appellant's petition and he filed a *nunc pro tunc* notice of appeal on October 1, 2013. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises one issue for our review: "Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to [Rule] 600 where [Appellant] was tried after the run[]date and the Commonwealth did not exercise due diligence throughout the case, and the court deemed the delay '*de minimis*[,'] even though Rule 600 does not contain a '*de minimis*' exception?" Appellant's Brief at 3.

We begin by noting that "[o]ur standard and scope of review in analyzing a Rule 600 issue are both well-settled." **Commonwealth v. Peterson**, 19 A.3d 1131, 1134 (Pa. Super. 2011) (*en banc*).

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity

with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Commonwealth v. Ramos**, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*)).

Rule 600(A)(2) states that when a complaint is filed against a defendant who is incarcerated, trial must begin 180 days from the date on which the complaint was filed.[2] Similarly, Rule 600(A)(3) requires that trial commence for a defendant at liberty on bail within 365 days of the filing of the written complaint. The rule further provides that certain periods are excluded from Rule 600 calculation. Specifically, the rule delineates in pertinent part:

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600(C).

*Peterson*, 19 A.3d at 1134-1135 (footnote omitted).

This Court has also recently reiterated that:

To determine whether dismissal is required under Rule 600, a court must first calculate the "mechanical run date,"

---

[2] We note that a new version of Rule 600 was adopted on October 1, 2012, and became effective on July 1, 2013. As Appellant's Rule 600 motion was filed and decided before the effective date of the new version of the rule, we will analyze his claim under the prior version of Rule 600.

which is 365 days after the complaint was filed. Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Case law also provides that a court must account for any "excludable time" and "excusable delay." Excludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

To be clear, a violation of Rule 600 does not automatically entitle a defendant to a discharge. Indeed, Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." In other words, the only occasion requiring dismissal is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay. There is no statutory or case law authorizing the discharge of a defendant who has not been brought to trial within the timing requirements of Rule 600(A)(2).

***Commonwealth v. Goldman***, 70 A.3d 874, 879-880 (Pa. Super. 2013).

Here, Appellant adopts the statement of pertinent dates set forth by the trial court in its opinion, which we need not reproduce for purposes of this appeal. ***See*** Trial Court Opinion (TCO), 7/16/14, at 1-2; Appellant's Brief at 11-12. Instead, we need only note that the parties, and the court, agree that the Commonwealth was required to try Appellant within 365 days of the October 13, 2011 filing of the criminal complaint. Therefore, the 'mechanical run date' was October 12, 2012.[3] Appellant concedes that there

---

[3] Appellant incorrectly concludes that the mechanical run date was October 13, 2012. However, we agree with the trial court and Commonwealth that adding 365 days to October 13, 2011, results in a mechanical run date of October 12, 2012. ***See*** TCO at 4; Commonwealth's Brief at 10.

were 207 days of 'excludable time' for Rule 600 purposes. Appellant's Brief at 13-14. Thus, according to Appellant's calculations, the adjusted run date was May 7, 2013, making his trial on May 16, 2013, "[nine] days late." *Id.* at 14. Consequently, Appellant claims that Rule 600 was violated and the court should have granted his pretrial motion to dismiss the charges against him.

The trial court, however, concluded that there was no violation of Rule 600. By the court's calculations, there were 286 days of excludable/excusable time, making the adjusted run date July 25, 2013. *See* TCO at 4. In reaching this decision, the trial court excluded, *inter alia*, the time between September 24, 2012 and November 5, 2012. The court explained that on September 24, 2012, trial was scheduled to begin and both parties were prepared to proceed, "but the court was conducting unrelated trials." *Id.* Accordingly, Appellant's trial was rescheduled for November 5, 2012. The court reasoned that this "judicial delay" should not be charged to the Commonwealth for Rule 600 purposes. *Id.*

In response, Appellant argues that the delay from September 24, 2012, to November 5, 2012, was not excusable because the Commonwealth failed to act with due diligence. Appellant emphasizes that the Commonwealth did not "attempt to get the case re-listed to another courtroom[,] attempt to get an earlier date[,] or make sure that the date that was given was the earliest possible date…." Appellant's Brief at 15. In other words, Appellant argues that the Commonwealth was required to

attempt to have the trial proceed before another judge, and its failure to do so amounted to a lack of due diligence. In support, Appellant relies on ***Commonwealth v. Hawk***, 597 A.2d 1141 (Pa. 1991), which he interprets as holding that the Commonwealth must take "affirmative steps to bring a case to trial[,]" such as looking for another courtroom in which to try the case if the assigned judge is unavailable. Appellant's Brief at 17.

Appellant's reliance on ***Hawk*** is unconvincing. Indeed, this Court has explicitly stated that ***Hawk*** is "not clear" regarding "[t]he extent to which the Commonwealth must look for other available courtrooms…." ***Commonwealth v. Anderson***, 959 A.2d 1248, 1250 (Pa. Super. 2008). In ***Anderson***, we noted that in ***Commonwealth v. Smith***, 569 A.2d 337 (Pa. 1990), "our Supreme Court found no duty for the Commonwealth to seek an alternative court" when trial was delayed because of "congestion in the trial judge's calendar." ***Anderson***, 959 A.2d at 1250. We also emphasized in ***Anderson*** that "***Hawk*** did not claim to overrule ***Smith***, merely distinguish it." ***Id.*** Therefore, it is not clear that ***Hawk*** imposes the affirmative duty on the Commonwealth to seek out another courtroom, as Appellant claims.[4]

---

[4] Moreover, we agree with the Commonwealth that the facts of ***Hawk*** are distinguishable from the present case. As the Commonwealth explains, in ***Hawk***,

> the trial judge was sick for a month and then went on vacation for five weeks after recuperating from the illness. During this prolonged absence, the Commonwealth took no action to have the case listed for trial before another judge. Under those

*(Footnote Continued Next Page)*

What is clear is that this Court has repeatedly cited ***Hawk*** for the proposition that "the Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case." ***Commonwealth v. Kearse***, 890 A.2d 388, 393 (Pa. Super. 2005) (quoting ***Hawk***, 597 A.2d at 1145).[5]

*(Footnote Continued)* ───────────

unique and extreme circumstances, the Supreme Court rejected the Commonwealth's attempt to justify the delay based upon the trial judge's crowded docket. The Court observed that "[e]ven if the Commonwealth was found to be duly diligent, the Commonwealth failed to prove judicial delay." ***Hawk***, … 597 A.2d at 1145. Thus, the Court in ***Hawk*** suggested only that the Commonwealth would have some duty to attempt to schedule a case before a different judge when the assigned judge is unavailable for a lengthy period of time for reasons ***unrelated*** to a crowded docket, such as illness. ***Hawk*** simply did not hold that reassignment to another judge is mandated whenever, because of a crowded docket, a case cannot be heard within the time required by Rule 600. In contrast to ***Hawk***, the delay which [Appellant] contends violated Rule 600 here was due to the court's congested docket…, and not an absence of the assigned judge because of illness or vacation.

Commonwealth's Brief at 19-20 (emphasis in original; one internal citation omitted).

[5] ***See also Commonwealth v. Claffey***, 80 A.3d 780, 786 (Pa. Super. 2013) (citing ***Hawk*** in stating that "[t]he Commonwealth's duty to be diligent exists throughout all stages of a case"); ***Commonwealth v. Bradford***, 2 A.3d 628, 632 (Pa. Super. 2010) (relying on ***Hawk*** in stating that "the Commonwealth's duty to be diligent exists throughout all stages of a case"); ***Commonwealth v. Preston***, 904 A.2d 1, 13 n.5 (Pa. Super. 2006) (stating that in ***Hawk***, "our Supreme Court ruled that the Commonwealth must demonstrate that it exercised due diligence at all times during the pendency of a case").

"Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth." Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600.

*Ramos*, 936 A.2d at 1102 (citations omitted; emphasis in original). Moreover, "[i]t is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial so long as the prosecutor was prepared to commence trial prior to the expiration of the mandatory period but the court, because of scheduling difficulties or 'the like,' was unavailable." *Preston*, 904 A.2d at 14 (citing *Commonwealth v. Malgieri*, 889 A.2d 604, 607 (Pa. Super. 2005)).

In this case, it is undisputed that the Commonwealth was prepared to proceed to trial on September 24, 2012, prior to the expiration of the mechanical run date on October 12, 2012. The trial did not commence due to a court scheduling conflict, and through no fault of the Commonwealth. Under these circumstances, we ascertain no abuse of discretion in the trial court's considering as 'excusable' the 42-day delay between September 24, 2012, and November 5, 2012. Accordingly, adding these 42 days to the 207 excludable days conceded by Appellant results in an adjusted run date of June 18, 2013, making Appellant's trial on May 16, 2013, within the time-frame proscribed by Rule 600. We also point out that on *seven* other

scheduled trial dates after September 24, 2012, the Commonwealth was ready to proceed but the case was continued at either Appellant's request or because the court was presiding in another case. **See** Appellant's Brief at 11-12; TCO at 1-2. This record convinces us that the Commonwealth exercised due diligence at all times during the pendency of Appellant's case. **Hawk**, 597 A.2d at 1145. Therefore, the trial court did not abuse its discretion in denying Appellant's motion to dismiss.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015