[J-47-2017] [MO: Saylor, C.J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
### EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 27 EAP 2016 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on January 8, 2016 at No. |
| | : | 929 EDA 2014 (reargument denied |
| v. | : | February 26, 2016), reversing and |
| | : | remanding the February 28, 2014 Order |
| | : | of the Court of Common Pleas, |
| LEON MILLS, | : | Philadelphia County, Criminal Division |
| | : | at Nos. CP-51-CR-0007377-2011 and |
| Appellant | : | CP-51-CR-0007379-2011. |
| | : | |
| | : | ARGUED: May 10, 2017 |

## CONCURRING OPINION

**JUSTICE WECHT**  **DECIDED: June 20, 2017**

I join the learned Majority in full. I write separately to address the concept of "judicial delay," and to emphasize my view of the correct role that "judicial delay" serves in a Rule 600 analysis.[1]

The Majority notes that, pursuant to this Court's precedents, including our decision in *Commonwealth v. Bradford*, 46 A.3d 693, 705 (Pa. 2012), "periods of judicial delay are excludable from calculations" under Rule 600. *See* Maj. Op. at 4. The Majority then explains that trial courts must apply "judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." *Id.* Finally, the Majority astutely observes that trial courts have the discretion to differentiate between the time that passes during the normal progress of a criminal case and the

---

[1]     Pa.R.Crim.P. 600.

time that elapses when the court's calendar simply cannot accommodate a trial by the relevant date. My concern is that our trial courts too often make these judgments without first considering the Commonwealth's due diligence obligation.

Characterization and delineation of the contested time periods is not always an easy task. Difficulty can arise, as it did in this case, when both "judicial delay" and the Commonwealth's due diligence obligation appear as options for the court. However, these two options are not equal, to be selected at the court's discretion. Nor can "judicial delay" be substituted for due diligence. Rather, due diligence must be proven by the Commonwealth, and assessed by the court, before "judicial delay" becomes a consideration in the time calculation for Rule 600.

The Commonwealth bears the burden of proving that it acted with due diligence, *see Commonwealth v. Browne*, 584 A.2d 902, 908 (Pa. 1990), and the duty so to act extends to all stages of a criminal case. *See Commonwealth v. Burno*, 154 A.3d 764, 794 (Pa. 2017); *Commonwealth v. Hawk*, 597 A.2d 1141, 1145 (Pa. 1991). Subsection (C)(1) of the Rule provides the computational methodology that courts must utilize to determine whether there was a violation of the defendant's speedy trial right. That subsection states that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from computation." Pa.R.Crim.P. 600(C)(1). This subsection unfortunately is not a model of clarity, as is evidenced by the reasonable debate over the meaning of the term "delay" offered by the parties' briefs in this case. Nonetheless, a linear reading of the provisions requires courts first to consider the Commonwealth's role in causing the delay at issue. Only if the Commonwealth has

discharged its duties with due diligence should a court consider other causes for the delay.

Rule 600's comment supports this order of inquiry, noting that Subsection (C)(1) "makes it clear that any delay in the commencement of the trial that is not attributable to the Commonwealth when the Commonwealth has acted with due diligence must be excluded from the computation of time." *Id.* Cmt. Stated differently, the Commonwealth's demonstration that it acted with due diligence at all times is a prerequisite to considering whether the delay was caused by a court's calendar, or by some other form of "judicial delay." "When a case has possible Rule [600] problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Smith*, 383 A.2d 1280, 1282 (Pa. 1978). At a minimum, this well-settled precept requires that, when faced with a court seeking to set a trial date beyond the Rule 600 deadline, the Commonwealth must demonstrate that it has acted with due diligence and must inform the court that the date being contemplated would violate the Rule.

"Judicial delay" is not a mechanism or totem that exempts the Commonwealth from its obligations under the Rule. It may be invoked only after the Commonwealth has demonstrated that it is ready, able, and willing to proceed with the case against the defendant. Otherwise, the due diligence component of Rule 600 would have little, if any, meaningful import.

Our recent decision in *Bradford* is instructive.[2] The Commonwealth charged Bradford with rape and related offenses, and established a *prima facie* case for those

---

[2] Due to the anomalous circumstances in *Bradford*, it seems unlikely that a case with a similar fact pattern would appear before this Court. After *Bradford*, it can be hoped that Pennsylvania prosecutors no longer rely exclusively upon court systems to advance cases through the criminal justice process, without any internal tracking system.
(continued...)

crimes at a preliminary hearing. At that point, the Commonwealth turned over all of its materials to the magisterial district judge ("MDJ"), and kept no other records of the existence of the case. The paperwork got lost, and Bradford remained in jail for over one year without a formal arraignment. The case stood still due to the lost paperwork.

The facts of *Bradford* are undoubtedly distinctive. It is rare indeed when a defendant's case comes to a complete halt without anyone from the prosecutor's office noticing, particularly when the charges are so severe. The peculiarity of the circumstances notwithstanding, this Court engaged in a rather straightforward Rule 600 analysis. As the Majority notes, we recognized "judicial delay" as a concept, and ultimately determined that the delay in Bradford's case was attributable to the judiciary, not to the Commonwealth. *Bradford*, 46 A.3d at 702-05. However, we did so only after finding that the Commonwealth had exercised due diligence by relying upon the MDJ's office to advance the case. *Id.*

The paradigm is consistent under both the terms of the Rule and our Rule 600 jurisprudence. "Judicial delay" is not assessed simultaneously with due diligence. "Judicial delay" becomes relevant only after the Commonwealth has proven its compliance with the due diligence mandate. As the Majority concludes, the Superior Court altered this paradigm. Because the Superior Court's ruling was inconsistent with our Rules and precedents, it must be reversed.

Justice Todd and Justice Donohue join this concurring opinion.

---

(…continued)

Nonetheless, if presented with an appropriate record and opportunity, I would reconsider *Bradford*'s due diligence analysis. Under the circumstances of that case, I align more with the discussion offered there by Chief Justice Saylor in his learned dissent. Regardless, the propriety of *Bradford* is not presently before this Court.