J-S08038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SAMUEL JOSEPH SALDIVAR, SR. | : | |
| Appellant | : | No. 1008 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000176-2018

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 6, 2021**

Appellant Samuel Joseph Saldivar, Sr. appeals the judgment of sentence entered by the Court of Common Pleas of Lycoming County after a jury convicted Appellant of simple assault and endangering the welfare of a child. Appellant asserts that the trial court abused its discretion in denying his motion to dismiss under Pa.R.Crim.P. 600. After careful review, we affirm.

On January 16, 2018, a criminal complaint was filed charging Appellant with aggravated assault, simple assault, and endangering the welfare of a child. On January 29, 2018, Appellant proceeded to a preliminary hearing in which the charges were held for court. On August 2, 2019, Appellant filed a motion to dismiss pursuant to Rule 600. After a hearing, the trial court denied the motion on September 23, 2019.

_____

[*] Former Justice specially assigned to the Superior Court.

On October 1, 2019, the parties began the jury selection process. On December 12, 2019, Appellant was tried before a jury, who acquitted Appellant of aggravated assault, but convicted him of simple assault and endangering the welfare of a child. On January 13, 2020, the trial court sentenced Appellant to an aggregate term of 21-42 months' incarceration. Appellant filed a motion for reconsideration, which the trial court denied.

On February 28, 2020, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant was appointed counsel, who filed an amended petition alleging that trial counsel was ineffective in failing to file a direct appeal as Appellant requested. On July 28, 2020, the lower court reinstated Appellant's right to file a direct appeal.

On August 4, 2020, Appellant's counsel filed a notice of appeal, purporting to appeal "from the PCRA Order reinstating direct appeal rights dated July 28, 2020." On September 16, 2020, this Court entered a Rule to Show Cause why the appeal should not be dismissed as Appellant was not an aggrieved party. On September 22, 2020, Appellant's counsel filed a response, admitting her error in stating that the appeal was from the PCRA order and attaching an amended notice of appeal, stating that the appeal was taken from the judgment of sentence.

It is well-established that "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 (Pa.Super. 2001) (*en banc*) (citing **Commonwealth v. Chamberlain**, 658 A.2d 395, 397

(Pa.Super. 1995) (correcting caption to reflect an appeal from the judgment of sentence when the appellant purported to appeal the denial of his post-sentence motion).

While Appellant attempted to appeal from the lower court's order reinstating his direct appeal rights, this incorrect designation rendered his appeal defective, but did not invalidate the notice of appeal. *See* Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal ..."). As such, we amend the caption to reflect an appeal from the judgment of sentence entered on January 13, 2020.

Appellant's sole claim on appeal is his challenge to the trial court's order denying his motion to dismiss pursuant to Rule 600. Our standard of review is as follows:

> This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.

*Commonwealth v. Martz*, 232 A.3d 801, 809 (Pa.Super. 2020) (quoting *Commonwealth v. Claffey*, 80 A.3d 780, 787 (Pa. Super. 2013) (citations omitted)).

In reviewing a challenge to the denial of a Rule 600 motion, we are guided by the following principles:

when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Martz*, 232 A.3d at 809-810 (citations omitted).

The relevant portion of Rule 600 provides as follows:

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial
...

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
...

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must

commence. Any other periods of delay shall be excluded from the computation.

...

Pa.R.Crim.P. 600.

Further, our Supreme Court has clarified how a Rule 600 claim must be analyzed:

By the terms of Rule 600, the Commonwealth must bring a defendant to trial within 365 days from the date upon which a written criminal complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). However, the Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." *Id*. 600(C)(1). "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." *Id*. When considering a Rule 600 motion, the court must identify each period of delay and attribute it to the responsible party, then adjust the 365-day tally to arrive at the latest date upon which the Commonwealth may try the defendant. Absent a demonstration of due diligence, establishing that the Commonwealth has done "everything reasonable within its power to guarantee that [the] trial begins on time," ***Commonwealth v. Matis***, 551 Pa. 220, 710 A.2d 12, 17 (1998), the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

***Commonwealth v. Barbour***, 647 Pa. 394, 399–400, 189 A.3d 944, 947 (2018).

In the instant case, the criminal complaint was filed on January 16, 2018. As noted above, the mechanical run date is calculated by adding 365 days to the day that the criminal complaint was filed. ***See*** Pa.R.Crim.P.

600(A)(2)(a). As such, the mechanical run date in this case was January 16, 2019.

Appellant concedes that a portion of delay should be excluded from the Rule 600 computation as it was caused by his requests for continuances from December 14, 2018 to April 29, 2019. However, Appellant argues that the trial court abused its discretion in finding that the remaining delay occurred despite the Commonwealth's due diligence in bringing him to trial. While Appellant acknowledges that the delay was the result of court congestion and the fact that the prosecution had no control over the trial judges' schedules, Appellant claims the prosecution was required to take affirmative action to get his case scheduled for trial. We disagree.

Although "time attributable to the normal progression of a case" should not be deemed delay for Rule 600 calculations, courts must distinguish between "time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns." *Commonwealth v. Mills*, 640 Pa. 118, 122, 162 A.3d 323, 325 (2017). Our Supreme Court has specifically recognized that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Id*.

We find Appellant's reliance on our Supreme Court's decision in *Commonwealth v. Hawk*, 528 Pa. 329, 597 A.2d 1141 (1991) to be misplaced. In *Hawk*, the Supreme Court concluded that the Commonwealth failed to prove it had acted with due diligence in bringing Appellant to trial

pursuant to Rule 600 merely because it was ready to proceed throughout the scheduling of the case. While the Supreme Court acknowledged the prosecution did not have control over the trial court's schedule, it found the Commonwealth failed to take affirmative action to move the case to trial when the assigned judge was unavailable for several months due to sickness and vacation time. *Id*. at 336-337, 597 A.2d at 1145.

In contrast, in this case, Appellant does not suggest what exactly the prosecution could have done to expedite the scheduling of his trial to an earlier date. At the Rule 600 hearing, the prosecution presented the testimony of the Lycoming County deputy court administrator, Eileen Dgien, who shared extensive detail as to the schedule of the entire trial court bench, not simply the assigned judge. Ms. Dgien offered specific reasons as to why Appellant's case could not be heard at each time period before the adjusted run date.

Moreover, Ms. Dgien explained that the cases that were tried before Appellant's case in the disputed time period had earlier run dates for the purpose of Rule 600. It is logical that the prosecution could not insist that Appellant's case be brought to the front to the trial list ahead of other cases that had more pressing Rule 600 challenges.

Our review of the record shows that the Commonwealth was prepared to go to trial throughout the contested period and did not request continuances or delays in trying the case. The record also supports the trial court's acceptance of the Commonwealth's detailed calculation of the adjusted run

date.  As such, we agree that that the circumstances that led to the delay in scheduling Appellant's case for trial were beyond the Commonwealth's control.

Accordingly, we find no error in the trial court's analysis and, therefore, conclude the trial court did not abuse its discretion in determining that Appellant's trial started before the adjusted run date.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2021