**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Steven ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 2008.
Filed Oct. 20, 2008.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: KLEIN, TAMILIA and HUDOCK, JJ.

OPINION BY KLEIN, J.:

■ ¶1 Steven Anderson appeals the trial court's decision to deny his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 in which he claimed the Commonwealth did not use due diligence in bringing his case to trial under the rule. After a thorough review of the record, we affirm.[1]

¶2 Here, the mechanical run date was December 9, 2005. The matter was listed for trial on December 1, 2005. None of the subsequent continuances could have been avoided despite due diligence of the Commonwealth, so there was no violation of Rule 600. The history of the further continuances is as follows:

12/1/05   The court was on trial and set the earliest possible date, 12/6.

12/5/05   The court was still on trial, and continued the trial to 2/16. This is not charged to the Commonwealth.

2/16/06   The defense asked for a continuance to consider a plea. This time is excludable.

2/21/06   There was no plea, and a trial date of 3/6/06 was set. Again, this is not chargeable to the Commonwealth.

3/6/06   The court was on trial and the case was continued for a week until 3/13/06. Again, this is not chargeable to the Commonwealth.

3/13/06   Anderson was not brought down. The case was continued for two weeks to 3/27/06 to have Anderson brought down. This is not chargeable to the Commonwealth.

3/27/06   A key Commonwealth witness, a police officer, broke his back on the job. It was anticipated he would not be well enough to testify until October. The case was continued until 10/16/06 to await the officer's recovery. This time is not chargeable to the Commonwealth.

8/3/06   The officer recovered sooner than expected, and the case was moved up from the later date. Obviously, this earlier time shows due diligence since the case was relisted upon the Officer's earlier recovery.

■ ¶3 Anderson specifically claims that time after December 5 was excessive and the Commonwealth did not show due diligence. The main complaint is that the Commonwealth never checked to see if there was any other court available to try the case.

---

1. The scope of review for an appeal based on Rule 600 is "limited to evidence on the record of the Rule [600] evidentiary hearing and findings of the lower court." *Commonwealth v. Fuchs*, 372 Pa.Super. 499, 539 A.2d 1307, 1309 (1988).

¶ 4 The extent to which the Commonwealth must look for other available courtrooms is not clear. Anderson cites *Commonwealth v. Hawk*, 528 Pa. 329, 597 A.2d 1141 (1991), for the proposition that the Commonwealth has an affirmative duty to make such an inquiry. In *Hawk*, part of the delay was occasioned by the trial judge, in an individual calendar system, being sick for 5 weeks and then taking vacation for four weeks. The Supreme Court found the Commonwealth had not exercised due diligence because it had not, as it had in *Commonwealth v. Africa*, 524 Pa. 118, 569 A.2d 920 (1990), made any effort to "transfer the case quickly to a judge who would be able to hear protracted matters." *Hawk*, 597 A.2d at 1145.

¶ 5 On the other hand, the Commonwealth relies on *Commonwealth v. Smith*, 524 Pa. 72, 569 A.2d 337 (1990), for the proposition that the Commonwealth has no affirmative obligation to seek a new courtroom when the trial court is otherwise occupied. In *Smith*, also a case involving an individual calendar, the trial was held 555 days after arrest. The delay was largely caused by congestion in the trial judge's calendar. In this case, our Supreme Court found no duty for the Commonwealth to seek an alternative court.

¶ 6 Interestingly, *Hawk* did not claim to overrule Smith, merely distinguish it. *Hawk* was a Commonwealth appeal while Smith was an appeal by the defendant. The *Hawk* decision does not give clear reasoning why due diligence is or should be measured differently depending on the identity of the appellant. Justice McDermott did not see the identity of the appellant as an appropriate distinction and dissented in *Hawk*, stating he found the cases to be "virtually indistinguishable." *Hawk*, 597 A.2d at 1146.

¶ 7 Under current case law, it is the Commonwealth which bears the burden of showing due diligence, no matter the identity of the appellant. Therefore, it would appear, though it is not certain, that the Hawk requirement is the standard.

¶ 8 Added to this somewhat murky mix is *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). In *Crowley*, the defendant was tried three weeks past the 180 day limit imposed under Rule 1100 (the old Rule 600). Our Supreme Court stated:

> While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, or one that implicates the constitutional right to a speedy trial, it should not be required to do so to avoid a delay of under 30 days as here.

*Crowley*, 466 A.2d at 1014. It therefore appears that neither *Hawk* nor *Smith* is applicable if a delay is 30 days or less. In *Crowley*, the total delay was less than 30 days. It is unclear if *Crowley* is limited to that situation or if it applies to any single delay in a series of delays which is less than 30 days.

¶ 9 In an abundance of caution, we will use the *Hawk* standard to review this matter as it is the strictest of the standards.

¶ 10 Looking back at the timeline we can see the case would have been tried on December 1, 2005, before the run date. From December 1, 2005, our review shows due diligence by the Commonwealth, but even so the case could not have been brought to trial. Therefore, there was no Rule 600 violation.

¶ 11 As noted, the initial run date was December 9, 2005, so the delay between December 5, 2005 and February 16, 2006 might be suspect. However, the trial court asserts that the February 16 date is the earliest possible date available. Although this is not specifically stated in the quarter sessions file, it does state that the

time is extendable—this would only be true if the February date was the earliest possible date. Thus, we may assume the court had no available time before February.

¶ 12 We also note that at the beginning of this case there was a 77 day delay caused because Anderson was not represented.[2] Case law informs us that where a defendant is unrepresented and does not waive counsel, the defendant is considered to be unavailable. *See Commonwealth v. Manley*, 503 Pa. 482, 469 A.2d 1042 (1983). Under Rule 600(C)(3)(a) the unavailability the defendant, at any stage of the proceedings, is mandated as excludable. These 77 excludable days changed the run date to February 24, 2006. Thus, February 16 date was still allowable, with eight days to spare.

¶ 13 On February 16, 2006, the defense requested time so that they could consider a plea. The Commonwealth cannot possibly be held to fault for not finding another courtroom when Anderson asked for time to consider a guilty plea. The case was rescheduled to February 21.

¶ 14 On February 21, 2006, according to the official docket, Anderson once again asked for time to consider a plea. March 6 was next available date. Once again, the Commonwealth's due diligence cannot be at question.

¶ 15 On March 6, 2006, the trial court was busy with another matter and the case was continued to the next week, March 13. There were eight days to spare from the initial defense continuance, so this time is still allowable.

¶ 16 On March 13, 2006, Anderson was not brought down due to lack of available bed space. This time is not chargeable to the Commonwealth. Because Anderson was not brought down, it does not matter if the Commonwealth could find another courtroom. From March 13 the case was rescheduled to March 27. Thus, due diligence is not at issue here.

¶ 17 On March 27, the Commonwealth requested a continuance because one of the arresting officers had, while on duty, fallen off the Schuylkill Expressway and broke his back. It was represented to the court that the officer would be available by October.[3] The trial was rescheduled to

2. Although this is clearly excludable time under Rule 600, the 77 day delay is still a little troubling. It is unclear why it took 77 days to appoint counsel. It appears that this aspect of the rule can be abused, intentionally or inadvertently, by simply delaying the appointment of counsel. The time spent in custody does not count against the Commonwealth, and a defendant without counsel may not know how to advance his cause. The Rules Committee might consider a time limit on the trial court for appointment of counsel to prevent a case from falling through the cracks due to the failure to appoint counsel in a timely manner.

3. This is another area where the rule may be abused. We do not question the availability of the officer in this matter, but we note that there was not showing at the time of the request of the continuance that his testimony was, in fact, necessary. We think it would be better practice for the trial court to hear an offer of proof as to the proposed testimony so that an independent judgment can be made as to the true necessity of the testimony. (This court recently saw a fact pattern where a continuance was granted due to the unavailability of a police officer and then following the delay the officer was not called to the stand.) This does not appear to be too great an onus when we are speaking of protecting a constitutional guarantee to a speedy trial.

Here, there were three officers directly involved in Anderson's arrest. In relevant part, Officer Wagner testified he grappled with Anderson and felt the gun in Anderson's waistband. Officer Carter recovered the gun after it had been knocked to the ground. Officer Green testified that he saw the gun in Anderson's possession during the struggle. We note that Anderson does not challenge the necessity of Officer Green's testimony to the Commonwealth's case.

October 16, 2006. Once again, this is not a question of due diligence or the ability to find another courtroom.

¶ 18 Despite the original belief that Officer Green would not be physically available until October, he healed quickly. The trial court was so informed and the trial was held in August. This is clearly due diligence.

¶ 19 Because the record reveals that many of the delays after December were caused by Anderson and other delays were caused by the trial court scheduling or a failure to bring Anderson to court, the Commonwealth cannot be held accountable for any relevant delay in trying Anderson. The Commonwealth had no control over the injury of a witness and cannot be responsible for Anderson considering a plea. Absent one week long delay that was still within the adjusted run date, there was no real opportunity for the Commonwealth to seek a different courtroom. There has been no violation of Rule 600. *Hawk, supra.*

¶ 20 Judgment of sentence affirmed.