J-A13006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| SHAKIR BERRYHILL | |
| Appellee | No. 3506 EDA 2015 |

Appeal from the Order October 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011083-2014

BEFORE:   LAZARUS, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 19, 2017**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting Shakir Berryhill's motion to dismiss the charges of possession with intent to deliver a controlled substance, unlawful use of a communication facility, knowing and intentional possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana.[1]  The Commonwealth contends the trial court abused its discretion in granting the motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600. After careful review, we reverse and remand for trial.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512(a), and 35 P.S. §§ 780-113(a)(16), 780-113(a)(31) and 780-113(a)(32), respectively.

On September 17, 2014, Berryhill was arrested following three alleged controlled purchases of crack cocaine from him, organized by Philadelphia police officers on September 11, 12 and 16, 2014, and a search of Berryhill's purported residence on September 17, 2014. N.T. Preliminary Hearing, 9/30/14, at 4-11. On September 18, 2014, a criminal complaint was filed charging Berryhill with the above-mentioned crimes. A preliminary hearing was held on September 30, 2014. Formal arraignment occurred on October 21, 2014.

On November 17, 2014, the trial court granted a continuance to the Commonwealth until December 15, 2014, as requested discovery had not been completed. The Commonwealth asserts that all discovery available at the time was provided on December 8, 2014. The only docket entry available on December 15, 2014, is of a "hearing notice," but the Commonwealth asserts that on that date, "the Public Defender's office represented by Val Jones requested a date to consider the [plea] offer in that matter." N.T. Rule 600 Hearing, 9/30/15, at 3-4. The case was continued to a pre-trial conference on January 5, 2015, at which point Berryhill rejected the plea offer and the case was continued to February 6, 2015.

On February 6, 2015, the Commonwealth requested a continuance because additional discovery was outstanding, pending the completion of an analysis of seized evidence. Two other continuances were granted, on May

14, 2015 and September 3, 2015, because a necessary police witness was listed as injured on duty. Trial was scheduled for September 30, 2015.

On September 11, 2015, the Commonwealth notified the trial court that it would be ready to proceed to trial as scheduled. On September 28, 2015, Berryhill filed his motion to dismiss. He asserted that because the entire 375-day span since the filing of the complaint was chargeable to the Commonwealth and exceeded the 365 days provided for in the rules of criminal procedure, he was entitled to a dismissal under Rule 600(A)(2)(a), Pennsylvania's speedy trial rule. The court heard arguments in the matter on September 30, 2015, at which time counsel for Berryhill argued that the continuance granted on December 15, 2014 was not chargeable to Berryhill, "because the defendant isn't forced to take an offer." N.T. Rule 600 Hearing, 9/30/15, at 4.

The Honorable Judge Joan A. Brown granted the motion to dismiss on October 30, 2015. The Commonwealth filed a motion to reconsider on November 6, 2015, and the court denied it the same day. The Commonwealth filed a timely appeal.

On appeal, the Commonwealth's sole claim is that the trial court abused its discretion when it granted Berryhill's motion to dismiss for the Commonwealth's failure to bring the matter to trial in a speedy fashion as required by Rule 600. Specifically, the Commonwealth alleges that the trial court improperly attributed every delay in the case to the Commonwealth. The Commonwealth argues that delays caused by "the court's schedule, a

defense continuance request, and the unavailability of the arresting officer" were outside of the Commonwealth's control and thus should not factor into a Rule 600 determination. *See* Commonwealth's Brief, at 12.

In evaluating Rule 600 issues, the standard of review is whether the trial court abused its discretion. *See Commonwealth v. Wendel*, No. 1838 WDA 2016, 2017 Pa. Super. LEXIS 408, at 5 (June 7, 2017) (quoting *Commonwealth v. Armstrong*, 74 A.3d 228 (Pa. Super. 2013)).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Id.* at 234. We are not permitted to ignore the dual purpose of Rule 600, and therefore must balance the protection of the accused's speedy trial rights and the protection of society. *Id.* at 235. Importantly, the rule was not designed to "insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Id.* at 235. In the absence of misconduct on the part of the Commonwealth in an effort to evade the accused's essential speedy trial rights, the rule should be

construed "in a matter consistent with society's right to punish and deter crime." *Id.* at 235.

Rule 600 provides, *inter alia*, that a trial must commence "within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Only those delays "caused by the Commonwealth when the Commonwealth has failed to exercised due diligence" shall factor into the computation of the time available for trial. Pa.R.Crim.P. 600(C)(1). "*Any other periods of delay* shall be excluded from the computation." *Id.* (emphasis added).

In a speedy trial analysis, we first look to Rule 600(A) to establish a mechanical run date, which runs 365 days from the filing of the complaint. *Commonwealth v. Ramos*, 936 A.2d 1097, 1101 (Pa. Super. 2007). We then look to Rule 600(C) to determine whether any excludable time exists to advance the mechanical run date to an adjusted run date. *Id.* Here, as the parties agree and the trial court found, the complaint was filed on September 18, 2014; thus the mechanical run date was September 18, 2015.

Berryhill argues that none of the time from the filing of the complaint was excludable time, and that the Commonwealth violated Rule 600 in not trying him by September 18, 2015. We disagree.

At issue is whether any of the periods asserted by the Commonwealth are excludable for the purposes of an adjusted run date calculation under

Rule 600(C). Upon review, the 21 days between December 15, 2014 and January 5, 2015 should factor into the computation of an adjusted run date.

Any delay resulting from circumstances beyond the Commonwealth's control despite its due diligence is excusable. **See Commonwealth v. Preston**, 904 A.2d 1 (Pa. Super. 2006) (en banc). Such a delay includes one in which the defense has been instrumental in causing the delay. **See Commonwealth v. Mattis**, 710 A.2d 12 (1998). Continuances granted at the request of the defense, as well as joint continuances granted at the request of both the defense and prosecution, are similarly excludable. **See Commonwealth v. Anderson**, 959 A.2d 1248, 1249 (Pa. Super. 2008); **Commonwealth v. Peterson**, 19 A.3d 1131, 1137 (Pa. Super. 2011).

Both the Commonwealth and Berryhill assert that the other is to be charged with the December 15, 2014 continuance, and the trial court makes no explicit ruling on the issue. Although Berryhill initially said that "there have been no defense requests in this case," at the Rule 600 evidentiary hearing, Berryhill did not deny the Commonwealth's later claim that the December 15, 2014 continuance followed a defense request to consider a plea offer. N.T. Rule 600 Hearing, 9/30/15, at 2-4. Instead, Berryhill argued that the delay should not be chargeable because "the defendant isn't forced to take an offer." **Id.**

While that is true, Berryhill's argument holds little weight. In **Anderson**, a five-day continuance granted on a defense motion to consider a plea was held to be chargeable to the defense. Similarly here, while

Berryhill was under no obligation to consider the Commonwealth's plea offer, the choice to consider it was entirely his. Berryhill's admission that his consideration of the plea offer was not forced leads to only one possible conclusion: Berryhill's request for time to consider the offer is not a delay caused by the Commonwealth.

As the 21-day delay between December 15, 2014 and January 5, 2015 resulted from Berryhill's request for time to consider the Commonwealth's plea offer, the Commonwealth could not have lacked due diligence during this time period. The 21 days are thus excludable.

For all of the aforementioned reasons, we hold that the trial court erred in concluding that the delay between December 14, 2014 and January 5, 2015 was to be charged to the Commonwealth, and, therefore, the adjusted run date pertinent to a Rule 600 analysis was October 19, 2015. Consequently, since Berryhill's trial was scheduled to commence prior to that date, the trial court erred in granting his motion to dismiss pursuant to Rule 600.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2017