J. S66036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
             v.            :
                                  :
ALEXANDER SCOTT,            :         No. 2749 EDA 2017
                                  :
          Appellant     :

Appeal from the Judgment of Sentence, July 20, 2017,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0003656-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 04, 2019**

Alexander Scott appeals from the July 20, 2017 judgment of sentence entered by the Court of Common Pleas of Montgomery County following his jury conviction of the following offenses:  one count of corrupt organizations, three counts of conspiracy, six counts of possession with intent to deliver, four counts of criminal use of a communication facility, one count of attempted murder, and two counts of firearms not to be carried without a license.  On July 20, 2017, the trial court sentenced appellant to an aggregate term of 23½ to 59 years' imprisonment.  After careful review, we affirm.

The trial court provided the following synopsis of the factual and procedural history of this case:

A complaint was filed on March 3, 2015 charging [appellant] with the events on March 2, 2015.[Footnote 9] On May 18, 2015, the case was transferred to the Court of Common Pleas. On July 1, 2015, the Commonwealth filed a notice of joinder, joining [appellant]'s case with the cases indexed at 3945-15, 3946-15, 3947-15, 3656-15, and 3657-15. A second notice of joinder was filed on July 16, 2015 joining additional cases indexed at 3655-15, 4787-15, 4788-15, 4789-15, 4790-15, and 4791-15. These cases were specially listed and the first pretrial conference was scheduled for September 1, 2, 3 and 10, 2015. On September 1, 2015 the Commonwealth filed a third notice of joinder joining the cases indexed at 5275-15, 5274-15, 5273-15, 5272-15, 5271-15, 5270-15, 5269-15, 5268-15, 5267-15, 5266-15, 5265-15, 5264-15, 5261-15, and 5258-15. On September 10, 2015, Brendan Campbell, Esq., appeared at the pretrial conference. Upon request of [appellant], the case was placed on the court's next trial list. On September 23, 2015, attorney Campbell was formally appointed. The case continued on a trial track with monthly trial list dates, where neither party requested a continuance and [appellant] did not execute a Rule 600 waiver.

> [Footnote 9] A second complaint was filed on May 12, 2015 as a result of the "Operation War Ready" investigation.

On October 30, 2015, the Bills of Information were filed. At the November 12, 2015 trial list, counsel orally joined in a Petition for a Writ of Habeas Corpus.[Footnote 10] By Order of November 16, 2015 a hearing on the Petition for Habeas Corpus was scheduled for November 30, 2015. On November 30, 2015, the habeas corpus hearing was continued to December 7, 2015. On December 7, 2015, the hearing was again continued. By order of January 29, 2016, the hearing on [appellant]'s Habeas Corpus Petition was schedule [sic] February 22, 2016. The trial list order dated February 5, 2016 indicates that the case is on a trial

track, with a tentative date certain the week of April 18, 2016. By Order of February 22, 2016, the hearing on [appellant]'s habeas corpus petition was continued until March 8, 2016. On February 25, 2016, [appellant] filed a Petition for Bail Reduction/Modification. By Order dated March 15, 2016, the court denied [appellant]'s Petition for a Writ of Habeas Corpus. The case continued to have monthly trial listings.

> [Footnote 10] The record is unclear on the exact date counsel orally joined the petition. The Order scheduling the hearing was dated November 16, 2015. Thus, it follows that counsel likely joined in the motion at the November 12, 2015 trial listing. At no time upon receipt of scheduling orders did counsel indicate that he did not wish to pursue the habeas corpus petition and the petition was in fact heard on March 8, 2016.

By order of August 16, 2016, trial was scheduled to commence on October 17, 2016. On September 23, 2016, [appellant] filed a Motion to Dismiss Pursuant to Rule 600, the motion was denied by Order of September 28, 2016. At no time did [appellant] file a Motion to Sever his case from that of any of the joined cases or from Josiah Bailey, with whom he was ultimately tried.

Trial commenced as scheduled on October 17, 2016. Following eight days of testimony, the jury found [appellant] guilty of Corrupt Organizations[Footnote 11], Corrupt Organizations-Conspiracy[Footnote 12], six counts of Possession of a Controlled Substance with the Intent to Deliver[Footnote 13], Conspiracy to Possession with the Intent to Deliver[Footnote 14], four counts Criminal Use of a Communication Facility[Footnote 15], one count of Attempted Murder[Footnote 16], Conspiracy to Commit Murder[Footnote 17], and two counts of Firearms not to be Carried Without a License.[Footnote 18] On

January 12, 2017, the court sentenced him to an aggregate term of 25-60 years' incarceration in a State Correctional Institution, which included consecutive sentences for Attempted Murder and Conspiracy to Commit Murder. The court also applied the Deadly Weapon Enhancement-Possessed or Gang Enhancement to eligible counts.

[Footnote 11] 18 Pa. C.S.A. § 911(b)(3).
[Footnote 12] 18 Pa. C.S.A. § 911(b)(4).
[Footnote 13] 35 P.S. § 780-113(a)(30).
[Footnote 14] 18 Pa. C.S.A. § 903(a)(1).
[Footnote 15] 18 Pa. C.S.A. § 7512(a).
[Footnote 16] 18 Pa. C.S.A. § 901(a).
[Footnote 17] 18 Pa. C.S.A. § 903(a)(1).
[Footnote 18] 18 Pa. C.S.A. § 6101(a)(1).

On January 23, 2017, counsel filed a Post Sentence Motion. A hearing on the Motion was scheduled for April 23, 2017 and ultimately held May 1, 2017. At the hearing on the motion, counsel raised the additional claim that [appellant]'s sentence was illegal insofar as he was sentenced on two inchoate crimes which had the same object.[Footnote 19] The Commonwealth was given an opportunity to respond to that claim; it ultimately conceded the sentence was illegal. By Order of May 17, 2017, the Court vacated [appellant]'s sentence in its entirety.

[Footnote 19] "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. [Appellant] was convicted and sentenced on both Attempted Murder and Conspiracy to Commit Murder for his actions related to Lazaro Morgalo.

On July 20, 2017, [appellant] was resentenced to an aggregate term of 23½ to 59 years' incarceration in

a State Correctional Facility. A timely notice of appeal was filed. By Order of August 23, 2017, [appellant]'s was directed to produce a Concise Statement of Errors, Pursuant to Pa.R.A.P. 1925(b); he has since complied with that directive.

Trial court opinion, 2/28/18 at 7-10

Appellant raises the following issues for our review:

1. Did the trial court err in denying Appellant's Rule 600 Speedy Trial Motion when the jury trial commenced over three hundred and sixty-five days (365) days after the filing of the criminal case?

2. Did the trial court err in denying Appellant's Post-Sentence Motion for Judgment of Acquittal and Motion for New Trial on the charge of Attempted Murder?

3. Did the trial court manifestly abuse its discretion in sentencing Appellant to consecutive sentences and imposing sentence enhancements that were not found by the jury beyond a reasonable doubt?

Appellant's brief at 8.

In his first issue for our review, appellant avers that the Commonwealth violated his constitutional right to a speedy trial pursuant to Pennsylvania Rule of Criminal Procedure 600.

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth v. Hill***, 736 A.2d 578, 581 (Pa. 1999). ***See also Commonwealth v. McNear***, 852 A.2d 401 (Pa.Super. 2004). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." ***Commonwealth v. Krick***, 67 A.2d

746, 749 (Pa.Super. 1949). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Jones*, 826 A.2d 900, 907 (Pa.Super. 2003) (*en banc*) (citing *Commonwealth v. Spiewak*, 617 A.2d 696, 699 n.4 (Pa. 1992)).

"The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." *Hill*, *supra* at 581; *McNear*, *supra* at 404. *See also Commonwealth v. Jackson*, 765 A.2d 389 (Pa.Super. 2000), *appeal denied*, 793 A.2d 905 (Pa. 2002). "[A]n appellate court must view the facts in the light most favorable to the prevailing party." *Id.* at 392.

. . . .

In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves of or accepts the delay." *Commonwealth v. Taylor*, 598 A.2d 1000, 1003 (Pa.Super. 1991), *appeal denied*, 613 A.2d 559 (Pa. 1992) (addressing Municipal Court's counterpart to speedy trial rule).

*Commonwealth v. Hunt*, 858 A.2d 1234, 1238-1239, 1241 (Pa.Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

The comment to Rule 600 states that any delay in the proceedings instrumentally caused by the defendant or the defense, including the unavailability of the defendant, must be excluded for the purposes of Rule 600. Pa.R.Crim.P. 600 cmnt. The court has previously held that a defendant is considered unavailable for any period of time in which he or she is unrepresented, absent a waiver of his or her right to counsel. ***Commonwealth v. Anderson***, 959 A.2d 1248, 1251 (Pa.Super. 2008).

The comment to Rule 600 further provides that "delay in the time of trial that is attributable to the judiciary may be excluded from the computation of time." Pa.R.Crim.P. 600 cmt., citing ***Commonwealth v. Crowley***, 466 A.2d 1009 (Pa. 1983); ***see also Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017), citing ***Commonwealth v. Bradford***, 46 A.3d 693, 705 (Pa. 2012) ("periods of judicial delay are excludible from calculations under the rule").

The trial court provided the following summary of the pre-trial delays in this case:

> A complaint was filed on March 3, 2015. At the first pretrial conference, on September 10, 2015, counsel appeared but was not formally appointed until September 23, 2015. The 191 days between the filing of the complaint and [] counsel's appearance on September 10, 2015 are excludable for purposes of Rule 600, as [appellant] did not waive his right to counsel. . . . The [trial] court was faced with the herculean task of appointing private attorneys who were not conflicted out of the case, which took place at the first pretrial conference. This delay was

> outside of the control of the Commonwealth and thus excluded.
>
> [C]ounsel orally joined in the request for a habeas corpus hearing on or about November 12, 2015. Following multiple continuances based on either the court's schedule or defense requests to review discovery, the hearing was ultimately held [in] March [of] 2016 and an order denying the Petition was entered on March [16, 2016.] Thus, 124 days are excludable or excusable based on the filing of the habeas corpus petition. . . . When these 315 excludable/excusable days are added to the mechanical run date of March 3, 2016, the adjusted run date becomes January 12, 2017. Trial commenced on October 17, 2016, well within the adjusted run date. Any additional delay was caused by the court's calendar and the challenge of scheduling a trial of this size.

Trial court opinion, 2/28/18 at 13-14 (footnotes omitted).

Here, we find that the trial court's conclusions are based in the record and that the trial court did not misapply or override the law when reaching its conclusion. Therefore, we find that the trial court did not abuse its discretion when it denied appellant's Rule 600 motion.

In his second issue on appeal, appellant avers that the Commonwealth failed to present sufficient evidence to warrant his conviction of attempted murder. When determining whether the Commonwealth presented sufficient evidence to justify a conviction, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Widmer***, [] 744

A.2d 745, 751 ([Pa.] 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa.Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." ***Id.***; ***see also Commonwealth v. Aguado***, 760 A.2d 1181, 1185 (Pa.Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. ***See Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa.Super. 2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***See Brewer***, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." ***Id.*** (quoting ***Commonwealth v. Murphy***, 795 A.2d 1025, 1038–39 (Pa.Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. ***See Brewer***, 876 A.2d at 1032.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-723 (Pa.Super. 2013), quoting ***Commonwealth v. Pettyjohn***, 64 A.3d 1072, 1074-1075 (Pa.Super. 2013) (citations omitted).

Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a). "A person may be convicted of attempted murder 'if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act.'" ***Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa.Super. 2003) (citation omitted). ***See*** 18 Pa.C.S.A. §§ 901, 2502. "The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime." ***Commonwealth v. Gilliam***, [] 417 A.2d 1203, 1205 ([Pa.Super.] 1980). "The ***mens rea*** required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence." ***Commonwealth v. Schoff***, 911 A.2d 147, 160 (Pa.Super. 2006). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts [.]" ***Commonwealth v. Gease***, [] 696 A.2d 130, 133 ([Pa.] 1997).

***Commonwealth v. Jackson***, 955 A.2d 441, 444 (Pa.Super. 2008), ***appeal denied***, 967 A.2d 958 (Pa. 2009).

Here, the trial court reached the following determination pertaining to the sufficiency of the evidence presented by the Commonwealth for attempted murder:

Instantly, law enforcement received authorization to wiretap [appellant's] cellular telephone []. On February 28, 2015, during the course of this interception law enforcement listened, in real time, as [appellant] planned to find and shoot Lazaro Morgalo for allegedly robbing his little brother. [(Notes of testimony, 10/24/16 at 94-96.)] In a series of phone calls, [appellant] arranged a ride from Reading, Berks County to Pottstown,

Montgomery County to carry out his plan. [(*Id.* at 98, 119).]

These intercepted communications show that [appellant] was deliberately stalking his intended victim, Lazaro Morgalo. When he first arrived in Pottstown, he was scared off by the police presence in the area of the homes associated with his rival gang members. [(*Id.* at 111-112.)] He chose to wait until it was dark out, and in calls after 9 p.m. can be heard whispering as a crept through the streets looking for Morgalo. [(*Id.* at 112, 127.)] Fellow SCMG member, Jose Charriez, agreed to park up the street and act as a getaway driver. [(*Id.* at 108-109.)] Evidence adduced at trial indicated that the 'big boy' [appellant] indicated he was carrying is a Tech-9 semi-automatic weapon. [(*Id.* at 113.)] This evidence was sufficient to show that [appellant] took a substantial step toward an intentional killing.

Trial court opinion, 2/28/18 at 15-16 (footnote omitted).

We find that the evidence noted by the trial court, when viewed in the light most favorable to the Commonwealth, establishes each material element of attempted murder beyond a reasonable doubt. Accordingly, appellant's second issue is without merit.

In his third and final issue, appellant contends that the trial court abused its discretion by imposing consecutive sentences upon appellant and by imposing sentencing enhancements that were not found by the jury beyond a reasonable doubt. Upon review of appellant's brief, he appears to have abandoned his argument pertaining to the trial court's enhancing his sentence based on facts not found beyond a reasonable doubt by a jury.

Therefore, appellant's appeal only challenges the discretionary aspects of his

sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.
>
> [**Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)] (internal citations omitted).
>
> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-913.

> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa.Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010).

Here, appellant's brief contains a fatal defect as he has failed to include a Rule 2119(f) statement. The Commonwealth raised an objection to appellant's failure to include a Rule 2119(f) statement. (**See** Commonwealth's brief at 48-49 n.10.) Accordingly, we do not have jurisdiction to review appellant's discretionary aspects of sentence claim on its merits.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/4/2019*