J-S28006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVANTE MATTHEWS | : | |
| | : | |
| Appellant | : | No. 71 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000110-2021

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: November 2, 2023**

Devante Matthews appeals from the judgment of sentence imposed following his conviction of possession of a small amount of marijuana. Matthews argues that the Commonwealth violated Pa.R.Crim.P. 600 by failing to exercise due diligence in prosecuting the case against him in a timely manner. We affirm.

On January 20, 2021, the Commonwealth charged Matthews at two separate cases with possession of a small amount of marijuana and possession of drug paraphernalia. Matthews was arraigned and released on bail. On April 5, 2021, the Commonwealth filed a motion to consolidate the cases; the trial court later denied the motion. On April 26, 2021, Matthews filed a motion to

_____

[*] Former Justice specially assigned to the Superior Court.

suppress evidence. The trial court scheduled a hearing on the motion for June 4, 2021.

On May 4, 2021, Matthews filed a motion to continue the suppression hearing due to unavailability of his counsel. Matthews indicated that the Commonwealth did not oppose the motion and that the requested continuance shall run against the defense under Rule 600. The trial court granted the motion to continue and the new hearing was scheduled for June 29, 2021. Likewise, on May 4, 2021, Matthews filed a motion to continue the last day to enter a plea. Notably, within the motion, Matthews acknowledged that the Commonwealth did not oppose the motion, and that the delay from the request should run against the defense for Rule 600 purposes. The trial court granted the motion to continue until July 27, 2021. The trial court held the suppression hearing on June 29, 2021, after which the parties each filed briefs in support of their position. Ultimately, the trial court denied the suppression motion on September 21, 2021.

While the suppression motion was pending, on July 26, 2021, Matthews filed another motion to continue the last day to plea and further noted that the Commonwealth did not oppose the motion and that the time should run against the defense for Rule 600 purposes. The trial court granted the motion, and noted the new last day to plea was September 30, 2021, and that the continuance was attributed to Matthews for Rule 600 calculations.

On September 29, 2021, Matthews filed another motion to continue last day to plea, again noting that the Commonwealth did not oppose the motion and that the time should count against him for Rule 600 purposes. The trial court granted the motion and rescheduled the last day to plea to October 28, 2021. On that date, Matthews rejected the plea deal and the trial court ordered the Commonwealth to list the matters for a jury trial. This order was filed and docketed on October 29, 2021.

No action occurred on the matter until June 14, 2022, when the Commonwealth filed a motion to amend information, withdrawing the possession of drug paraphernalia charge. Subsequently, on September 2, 2022, the Commonwealth filed a motion for status conference for non-jury trial. That same day, the trial court scheduled the matter for a non-jury trial on November 9, 2022. On October 14, 2022, the Commonwealth filed a motion to move up the non-jury trial. The trial court denied the motion. On November 1, 2022, Matthews filed a motion to dismiss pursuant to Rule 600. Following a hearing, the trial court denied the motion on November 4, 2022.

The matter proceeded to a non-jury trial on January 3, 2023, after which the trial court found Matthews guilty of possession of a small amount of marijuana. The trial court ordered him to pay a fine of $150 plus court costs. This timely appeal followed.

On appeal, Matthews raises the following question for our review: "Did the trial court err in denying [Matthews's] motion to dismiss this matter pursuant to Pa.R.Crim.P. 600?" Appellant's Brief at 4.

Our standard of review of a trial court's denial of a Rule 600 motion is as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ... courts must carefully factor into the ultimate equation not only the prerogatives of the individual

accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023) (citation, brackets, and emphasis omitted).

Matthews contends that the non-jury trial was scheduled beyond the adjusted run date, the Commonwealth did not exercise due diligence, and the trial court's decision should be reversed. **See** Appellant's Brief at 13-15, 20. Matthews initially concedes that that he delayed the proceedings by filing a motion to suppress on April 26, 2021, and seeking continuances on his last day to plea proceedings until October 28, 2021; therefore, the period between these dates are excluded from Rule 600 calculations. **See id.** at 13-14. Likewise, Matthews highlights that judicial emergency orders due to Covid-19 between December 15, 2020, and July 15, 2021, also would be excludable from Rule 600 calculations. **See id.** at 14. Nevertheless, Matthews argues that even if all of the time between the filing of the complaint and the last day to plea proceedings were excluded, a period of 377 days passed between October 28, 2021, the day he rejected the plea deal, and November 9, 2022, when the non-jury trial was originally scheduled. **See id.** at 14-15.

According to Matthews, the Commonwealth did not exercise due diligence in bringing the case to trial in a timely manner and the case should be dismissed. **See id.** at 16, 17-18. Matthews highlights that only if the Commonwealth exhibited due diligence can a court's congested calendar be used as justification for denying a Rule 600 motion. **See id.** at 16. Matthews

asserts that after his rejection of a plea, the Commonwealth should have listed the matter for a jury trial, but failed to do anything for six months until it filed a motion to amend the criminal information. ***See id.*** at 17-19. Matthews argues that the Commonwealth only sought to list the case for a non-jury trial on September 2, 2022, which was 80 days after amending the criminal information. ***See id.*** at 18-19. Matthews notes that on September 2, 2022, the trial court scheduled trial for November 9, 2022, but that the Commonwealth waited 43 days to seek an earlier trial date. ***See id.*** at 18, 20. Matthews concludes that this evidence established that the Commonwealth did not exercise due diligence in bringing the matter to trial. ***See id.*** at 20.

Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Further, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1);[1] ***see also*** Pa.R.Crim.P. 600, cmt. ("If

---

[1] In 2012, the Pennsylvania Legislature enacted a new Rule 600, effective as of July 1, 2013. The general dictates of new Rule 600 remained the same as they were prior to adoption, but the prior distinctions between excludable time and excusable delay were abandoned for streamlined review of Commonwealth's due diligence, with a failure to exercise due diligence being
*(Footnote Continued Next Page)*

the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded"). "[T]he Commonwealth is required to demonstrate that it acted with due diligence during a time period before that period can be deemed excludable." *Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021) (emphasis and footnote omitted).

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010). Due diligence must be demonstrated by a preponderance of the evidence. *See Wiggins*, 248 A.3d at 1289. Rule 600 "expressly calls upon a trial court to assess the Commonwealth's due diligence throughout the life of a case, when faced with a claim that the Commonwealth violated a defendant's speedy trial rights." *Harth*, 252 A.3d at 617; *see also* Pa.R.Crim.P. 600(C)(1) (stating that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.").

---

considered "includable time." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

A defendant who has not been brought to trial within the time specified in Rule 600(A) may, at any time prior to trial, "file a written motion requesting that the charges be dismissed with prejudice on the ground that [the] rule has been violated." Pa.R.Crim.P. 600(D)(1). "If the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant." **Harth**, 252 A.3d at 615.

Here, the mechanical run date — 365 days from the date of the filing of the complaint — was January 20, 2022. Next, we must address each of the time periods in question to determine whether the Commonwealth exercised due diligence in bringing the case to trial. Preliminarily, Matthews does not dispute that the President Judge of the McKean County Court of Common Pleas extended the judicial emergency due to the Covid-19 pandemic and suspended Rule 600, including between December 15, 2020, and July 15, 2021. **See** Rule 600 Motion, 11/1/22, at 3 (unnumbered) ("In McKean County and in response to the Covid-19 pandemic, there were periods of judicial emergency subject to either local Judicial Emergency or the statewide Order, for which Rule 600 was suspended, including … between December 15, 2020 and July 15, 2021"); **see also In re General Statewide Judicial Emergency**, 234 A.3d 408, 409 (Pa. 2020) (*per curiam*) (empowering each judicial district's president judge to enter judicial emergency declarations, which could "[s]uspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial."); **In re General Statewide Judicial**

*Emergency*, 228 A.3d 1281, 1282 (Pa. 2020) (*per curiam*) (stating that "the President Judge specifically shall have the authority to suspend the operation of Rule of Criminal Procedure 600 within a judicial district ... The purport of the suspension will be that the time period of the local judicial emergency (or a shorter time period if specified) shall be excluded from the time computation under Rule of Criminal Procedure 600(C)" (emphasis omitted)). Both the Commonwealth and the trial court agree that the period of time between the filing of the complaint, January 20, 2021, and the end of the judicial emergency, July 15, 2021, a total of 176 days, is excludable from Rule 600 calculations. *See* Trial Court Opinion, 11/21/22, at 1-2; Brief for the Commonwealth at 5. Based upon this record, we conclude that the 176 days is excludable from the Rule 600 calculation. *See Commonwealth v. Carl*, 276 A.3d 743, 751 (Pa. Super. 2022) (noting that an order suspending Rule 600 without qualification automatically adds time to the run date without considering the Commonwealth's due diligence during this time period).[2]

_____

[2] We note that in *Commonwealth v. Lear*, 290 A.3d 709 (Pa. Super. 2023), *appeal granted in part*, 2023 WL 6416182 (Pa. filed Oct. 3, 2023), following several emergency Covid-19 orders suspending Rule 600, the Montgomery County Court of Common Pleas rescinded the emergency orders and treated emergency-related delays as court postponements. *Lear*, 290 A.3d at 719-20. The *Lear* Court differentiated between orders unambiguously suspending Rule 600 without qualification, which is added to the run date without considering the Commonwealth's due diligence, and orders characterizing a delay as a court postponement, which is only added to the run date if the Commonwealth exercised due diligence throughout the life of the case. *See*
*(Footnote Continued Next Page)*

Significantly, the judicial emergencies overlap with Matthews's filing of a pre-trial motion to suppress and his continuances for the last day to plead proceedings. We will address any excludable time starting on July 15, 2021, when the judicial emergency concluded. Here, Matthews filed a motion to suppress on April 26, 2021, the trial court held a hearing, the Commonwealth and Matthews filed briefs in support of their position, and the trial court denied the motion on September 21, 2021. The record confirms that the Commonwealth did not cause any delays in responding to the pretrial motion or that it failed to act diligently. **See Commonwealth v. Cook**, 865 A.2d 869, 875-76 (Pa. Super. 2004) (finding excludable a delay required to litigate a pretrial motion if the Commonwealth demonstrates that it exercised due diligence in opposing or responding to the pretrial motion). Therefore, the time

_____

**id.** at 719. Because Montgomery County treated emergency-related delays as court postponements, the **Lear** Court concluded that these delays would be excluded from Rule 600 computations if the trial court found "that the Commonwealth exercised due diligence." **Id.** at 720. This Court remanded the case for a Rule 600 hearing, where the Commonwealth would be required to prove its due diligence for those periods of time. **See id.** The Supreme Court recently granted allowance of appeal to determine whether a court must assess the Commonwealth's due diligence during the Covid-19 pandemic before it excludes the delay due to a local judicial emergency order. **See Commonwealth v. Lear**, 2023 WL 6416182, *1 (Pa. filed Oct. 3, 2023). Here, the parties agree that the trial court suspended Rule 600 due to the judicial emergency; therefore, this case does not run afoul of **Lear**. **See Lear**, 290 A.3d at 719 ("If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence." (citation omitted)).

between July 15, 2021, and September 21, 2021, 68 days, is excludable from Rule 600 calculations.

Likewise, Matthews concedes that he sought various continuances on the last day to plea proceedings, all of which included language that the time should count against the defense for Rule 600 purposes. Ultimately, Matthews rejected the plea offer, and the trial court entered an order on October 29, 2021, requiring the Commonwealth to list the case for trial. Therefore, the time between the denial of the suppression motion, September 21, 2021, and the rejection of the plea deal on October 29, 2021, 38 days, is excludable. *See Commonwealth v. Anderson*, 959 A.2d 1248, 1249 (Pa. Super. 2008) (noting that time requested or agreed to by defense to consider a plea is excludable). Accordingly, the 282 days between January 20, 2021, and October 29, 2021, are excludable from the Rule 600 calculation, and the new adjusted run date would be October 29, 2022.

No action occurred on this case until June 14, 2022, when the Commonwealth filed a motion to amend information to withdraw the possession of drug paraphernalia charge. Pointedly, the Commonwealth did not seek to schedule a trial at this time. It was only on September 2, 2022, where the Commonwealth sought to schedule a non-jury trial. Therefore, because the Commonwealth failed to take any action to schedule the trial between October 29, 2021, and September 2, 2022, we conclude that the Commonwealth did not act with due diligence for these 308 days, and this

time was attributable to the Commonwealth. **See Commonwealth v. Mills**, 162 A.3d 323, 324 (Pa. 2017) (finding that "periods of delay at any stage of the proceedings caused by the Commonwealth when it has failed to exercise due diligence are to be counted in the 365–day tally.").

Notably, on September 2, 2022, the trial court scheduled the trial on November 9, 2022, past the adjusted run date. Thereafter, on October 14, 2022, the Commonwealth filed a motion to move up the non-jury trial, which the trial court denied due to the congested calendar. **See** Trial Court Opinion, 11/4/22, at 4 (stating that "the court's schedule was full and there were no trial dates prior to November 9, 2022."). It is well settled that judicial delay — caused by the trial court's congested calendar or other scheduling difficulties — is excused from the 365-day calculation when the Commonwealth demonstrates, by a preponderance of the evidence, that it exercised due diligence in bringing the defendant's case to trial. **See Harth**, 252 A.3d at 618 (noting that "if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion."); **Mills**, 162 A.3d at 325 (stating, "where a trial-ready prosecutor must wait several months due to a [trial] court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable"). Here, the trial court found that because the Commonwealth had kept track of the adjusted run date and requested an earlier trial date,

- 12 -

the Commonwealth had exercised due diligence. **See** Trial Court Opinion, 11/4/22, at 4. Under these circumstances, we cannot conclude that the trial court abused its discretion in finding the Commonwealth exercised due diligence where it attempted to schedule trial approximately 2 months before the run date and filed a motion to move up the trial. **See Commonwealth v. Aaron**, 804 A.2d 39, 44 (Pa. Super. 2002) (*en banc*) (stating that where compliance with Rule 600 is at issue, the Commonwealth must be proactive and "do everything reasonable within [its] power to see that the case is tried on time." (citation omitted)); **see also Selenski**, 994 A.2d at 1089. Therefore, the trial court did not err in denying Matthews's Rule 600 motion. **See** Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded").

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

11/2/2023